**UNITED STATES v. HERTEL ATHLETIC & SOCIAL CLUB, Inc., et al.**

District Court, W. D. New York.   March 26, 1928.

**1. Internal revenue ⬤⟿42—Prohibition agent may execute search warrant for violation of internal revenue law (5 USCA § 281c).**

Under Act March 3, 1927, § 4 (5 USCA § 281c), and regulations of the Secretary of the Treasury thereunder, a prohibition agent has authority to execute a search warrant issued on a charge of violation of internal revenue laws.

**2. Searches and seizures ⬤⟿3(2)—Omission of date and later insertion by unauthorized person held not to invalidate search warrant.**

Search warrant, timely executed and returned, held, not invalidated by omission of date, and its later insertion not material alteration.

**3. Searches and seizures ⬤⟿7(9)—Seizure of books and papers not directed by search warrant held illegal.**

Seizure of books and papers under search warrant not directing their seizure held illegal.

Criminal prosecution by the United States against the Hertel Athletic & Social Club, Inc., and others. On motion by defendants to quash search warrant and for return of property seized thereunder. Motion to quash denied, but books and papers seized ordered returned.

Henry Stern and Samuel Fleischman, both of Buffalo, N. Y., for petitioners.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Richard A. Grimm, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

ADLER, District Judge. This is a motion by the petitioners to set aside the search warrant executed January 18, 1928, against the premises, 95 West Mohawk street, Buffalo, N. Y., and for an order directing the articles seized pursuant to such search warrant be returned, and the evidence obtained thereunder be suppressed.

It is urged by the petitioners that the search warrant is invalid on various grounds:

1. The search warrant was issued to "Andrew J. McCampbell, internal revenue officer of the United States." Although the warrant was not executed by McCampbell it was executed by other persons mentioned in the warrant and to whom it was directed.

[1] 2. The search warrant was directed to "Allan S. Bartlett, John McQuade, and Raymond Brent, federal prohibition agents," and was executed by them. It is urged by the petitioners that, as the warrant charged a violation of the internal revenue statutes, it could not properly be executed by prohibition agents. The Act of Congress approved March 3, 1927 (5 USCA §§ 281–281e), created a Bureau of Customs and a Bureau of Prohibition in the Department of the Treasury, and gave in terms to the Secretary of the Treasury broad powers to make orders providing for the transfer of personnel and the conduct of the new departments. The Act of Congress approved March 3, 1927, which took effect on April 1, 1927, and the orders of the Secretary of the Treasury pursuant to that act, which were made effective on April 1, 1927, vested full power and authority in the federal prohibition agents to execute the search warrant issued under a charge of the violation of the internal revenue statutes.

3. While the search warrant did not specifically direct the seizure of furnishings, handing, and fittings at the premises searched, the language in the warrant, "certain other personal property, such as a bar and furniture," is sufficiently broad to cover furnishings, hanging, and fittings.

4. The complaint upon which the search warrant was issued and the search warrant itself, in my opinion, discloses probable

cause for believing that there was a violation of the internal revenue laws of the United States at the premises, 95 West Mohawk street, Buffalo, N. Y.

[2] 5. It appears that the search warrant did not have written into it the date of the month on which it was issued. It also appears that when the attention of the agents was called to this omission one of the agents inserted the date of the month. It is urged by the petitioners that this omission and the subsequent alteration of the search warrant by the insertion of the date invalidates the warrant. There is in fact no question or dispute as to the date on which the warrant was issued and the time when it was served. The return of the warrant was promptly made, and there is no claim of its having been returned at too late a date. In my opinion under these circumstances the absence of the day of the date, which was an inadvertent omission, is not fatal to the validity of the warrant. The alteration of the warrant by an unauthorized person was not, under the circumstances, a material alteration, and the warrant was not thereby invalidated.

[3] 6. Under the search warrant books and papers were seized. The search warrant itself did not direct the seizure of books or papers. The return made on the search warrant showed the seizure of the books and papers. I hold that the books and papers seized were seized illegally under the search warrant, and must be returned, and the evidence suppressed.

The government seeks to hold the books and papers on the ground that they were seized as an incident to the arrest under the authority of Marron v. United States, 48 S. Ct. 74, 72 L. Ed. ——, decided in the Supreme Court of the United States in November, 1927. That case is distinguished from the case we have under consideration, as in the Marron Case the return made on the search warrant showed only the seizure of the intoxicating liquors. In the instant case the return showed the seizure of the books and papers.

7. The search warrant is a daytime search warrant, and it is claimed by the petitioners that it in fact was executed after sundown. This is a question of fact, and I have concluded, on the evidence presented to me, that it was executed in the daytime.

The petition to quash the search warrant is denied, and an order may be entered directing the return of the books and papers, and the evidence obtained from such books and papers may be suppressed.