272 So.2d 548 (1972)
STATE of Florida, Appellant,
v.
Frank Lewis CAIN and Joy Lynn Cain, Appellees.
No. 72-656.
District Court of Appeal of Florida, Second District.
December 22, 1972.
Rehearing Denied February 22, 1973.
*549 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Stuart W. Umbarger, of Law Offices of H. Lee Moffitt, Tampa, for appellees.
MANN, Judge.
Evidence was suppressed because the search warrant was "issued in blank in violation of Section 933.05, Florida Statutes, F.S.A." The affidavit alleges observation, on May 17, 1972, of marijuana growing on the defendants' premises, and was executed May 17, 1972. The warrant was served on May 17, 1972. Thus the sentence, "WITNESS my hand and seal this ____ day of ____, A.D., 19__." indicates merely a failure to fill in a blank. Surrounding circumstances make it clear that all pertinent actions in this case occurred on May 17. The defect is merely technical and not prejudicial. While the civil rights of persons must be scrupulously respected, mere technicality not arguably prejudicial should not invalidate the warrant where common sense does not allow the inference that the warrant was signed on any date other than May 17, 1972.[1] In Jackson v. State,[2] the warrant purported to allow the search of "the dwelling house of Freddie Jenkins in the county aforesaid," plainly a failure particularly to describe the premises to be searched. The appellee states that the purpose of requiring a date on the warrant is to insure that it is returned within ten days of issuance.[3]
In Johnson v. State,[4] the Supreme Court of Mississippi held a nullity a warrant issued the "12th day of Johnson, 194_," despite the trial judge's permitting amendment later. The opinion does not state facts showing whether the omission might have been prejudicial. The question appears to be novel in Florida. We adhere to the view expressed in other jurisdictions[5] that the omission, if indisputably supplied by other dates in the documents and not prejudicial, is insufficient ground for suppressing evidence seized.
Other objections raised are open for consideration upon remand. The order suppressing is
Vacated and remanded for further proceedings.
LILES, Acting C.J., and McNULTY, J., concur.
NOTES
[1] We differentiated technical deficiency from prejudicial error in State v. Holmes, Fla.App.2d 1971, 256 So.2d 32, and in Nell v. State, Fla.App.2d 1972, 266 So.2d 404.
[2] 1924, 87 Fla. 262, 99 So. 548.
[3] Fla. Stat. § 933.05 (1971), F.S.A.
[4] 1947, 202 Miss. 233, 31 So.2d 127.
[5] Bell v. State, 1952, 200 Md. 223, 88 A.2d 567; Bowers v. State, 1939, 136 Tex.Cr. R. 387, 125 S.W.2d 555; Merritt v. State, 1970, 121 Ga. App. 832, 175 S.E.2d 890; State v. Manuel, Okl.Crim.App. 1953, 255 P.2d 289; United States v. Hertel Athletic and Social Club, W.D.N.Y. 1928, 25 F.2d 872.