ADKINS, Justice.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Second District (State v. Cain, 272 So.2d 548), which allegedly conflicts with a prior decision of this Court (Jackson v. State, 87 Fla. 262, 99 So. 548), on the same point of law. Fla.Const., art. V, § 3(b)(3), F.S.A.
Petitioners were charged with possession of marijuana. The trial judge, upon motion, suppressed the admission of the marijuana seized at defendants’ home because the search warrant failed to state the date on which it had been issued. The search warrant provided “WITNESS my hand and seal this_day of May, A.D. 1972,” with the date left blank.
The District Court of Appeal in State v. Cain, supra, reversed, holding that the date could be supplied by supporting documents. The affidavit in support of the search warrant alleged observations on May 17, 1972 of marijuana growing on defendants’ premises. The affidavit was executed May 17, 1972, and the warrant was served on May 17, 1972. The Court held that the failure to fill in the blank space with the exact date of execution of the warrant was a mere technicality and not prejudicial.
Defendants say this decision of the District Court of Appeal conflicts with the following language in Jackson v. State, supra:
“When searches and seizures are made pursuant to the command of a search warrant, both the search warrant and the prerequisite oath or affirmation required for it must conform strictly to the constitutional and statutory provisions authorizing their issued This is true, because there is no process known to the law, the execution of which is more distressing to the citizen or that actuates such intense feeling of resentment on account of its humiliating and degrading consequences. . . .
“[Sjuch searches are usually made without the consent of the occupant of a domicile, and, the investigation being a proceeding in invitum, the statute authorizing it is to be strictly construed, and'no presumptions of regularity are to be invoked in aid of the process under which a proper officer obeying its commands undertakes to justify.” 99 So. 548, 549.
Defendants say that the warrant did not conform strictly to the statutory provisions authorizing its issuance in that Fla.Stat. § 933.05, F.S.A., prohibits the issuance of a search warrant in blank.
Jackson v. State, supra, was concerned with the sufficiency of the description of the place to he searched and the things to be seized. In the instant case, the lower court was merely concerned with the omission of a specific date in a search warrant which, in actuality, was supplied in other portions of the search warrant and affidavit. Under the facts, there was no conflict and the decision of the District Court of Appeal is admittedly one of first impression in the State of Florida.
In order to avoid future conflict, and uncertainty in the law, we approve the *71 decision of the District Court of Appeal, although the writ of certiorari was improvidently issued.
The writ of certiorari is therefore discharged.
It is so ordered.
CARLTON, C. J., and BOYD, McCAIN and DEKLE, JJ., concur.