GRIMES, Judge.
This appeal involves the legality of a search warrant which failed to identify the person or group of persons authorized to effect its execution.
The state charged appellant with possession of marijuana with intent to sell and possession of narcotic paraphernalia. The charge resulted from the seizure of the contraband from appellant’s residence pursuant to a search warrant. He moved to suppress the contraband, alleging that the omission of those authorized to execute the warrant rendered it facially defective and incapable of proper execution. The court denied the motion, and appellant pled nolo contendere, reserving the right to appeal the denial of his motion. We conclude the court erred in not suppressing the evidence seized under the warrant.
Section 933.07, Florida Statutes (1979), governs the issuance of a search warrant. It instructs judges that where they find probable cause they “shall” issue a signed warrant to “any sheriff and his deputies or any police officer or other person authorized by law to execute process” From this we have no choice but to conclude that the legislature has mandated that a warrant be issued to a specific class of persons.
The search warrant under attack was a form of warrant in which the printed salutation began with the words: “IN THE NAME OF THE STATE OF FLORIDA TO.” Presumably, through oversight, nothing was typed after these words. The effect was that no person or group of persons were directed by the issuing judge to execute the warrant. Consequently, the warrant did not comply with section 933.07. Search warrants which do not conform strictly to the statutory requirements are void. Pell v. State, 97 Fla. 650, 122 So. 110 (1929).
The state relies primarily upon State v. Cain, 272 So.2d 548 (Fla.2d DCA 1972), in which we held that the failure to date a search warrant was a nonfatal technical defect when there was no proof of prejudice to the defendant and the date of issuance was determinable from the face of the warrant. In the case at bar, the omitted designation could not be discerned from the warrant. The defective warrant here is more like the warrant considered in Martin v. State, 344 So.2d 248 (Fla.2d DCA 1976). In that case we noted that the failure of the issuing magistrate to sign the original of the search warrant was a fatal defect. The court reasoned that section 933.07 mandated the signing of the warrant and that strict compliance with that statute was required.
*1233 There is another reason why the court should have granted the motion to suppress. Section 933.08, Florida Statutes (1979), requires that one of the officers mentioned in the warrant’s direction serve the warrant. Service of a warrant by an unauthorized person requires the suppression of the evidence seized. Hesselrode v. State, 369 So.2d 348 (Fla.2d DCA 1979). If service of a warrant by one not specified in the direction is not legal, when no one is designated to serve the warrant, its execution becomes impossible. The fact that the deputy who served the search warrant was among that class of persons authorized by section 933.07 to be directed to do so is irrelevant because there was no direction whatsoever.
Lest we be perceived as being unduly technical, we believe it appropriate to restate the position taken by this court in Hesselrode. There Judge Ryder said:
Save for the First and Fifth Amendments, the Fourth Amendment, from which we receive Section 12 to Article I of our own Florida Constitution, is probably most important to the liberty of all freedom loving citizens. One cannot sit idly by and observe its meaning be slowly eroded away even by well-meaning police and prosecutors.
A court is reluctant to suppress evidence, which if obtained in a lawful fashion, would have been of compelling importance to the prosecution for felony. But there is no other course by which a court can insist upon compliance by police officers with the requirements of law with respect to searches and seizures than to suppress evidence illegally obtained.
We share the frustration so eloquently expressed by the learned trial judge below but as keepers of the law, we must maintain the integrity of our constitution adopted by the people and statutes given to us by our legislators.
369 So.2d at 351.
REVERSED.
SCHEB, C. J., and HOBSON, J., concur.