394 So.2d 1054 (1981)
STATE of Florida, Appellant,
v.
Richard BIRS, a/k/a "Richie" and Dr. Leonard Rosenthal, a/k/a "Doc", Appellees.
No. 79-2335.
District Court of Appeal of Florida, Fourth District.
February 18, 1981.
Rehearing Denied March 25, 1981.
*1055 Michael J. Satz, State Atty. and Mark Speiser, Asst. State Atty., Fort Lauderdale, for appellant.
Robert C. Stone, of Stone & Dell, P.A., Hollywood, for appellees.
HERSEY, Judge.
The state appeals from an order granting a motion to suppress evidence obtained as the result of a wiretap.
The order in question suppressed use of the evidence on three grounds. First, the court found that the application for an order of the circuit court authorizing the intercept was made by a police officer on special assignment to the State Attorney's office. It was held that such an application could be made only by the State Attorney; thus, the procedure was defective and the evidence tainted. Second, the court determined that the application and affidavit were insufficient to establish probable cause. Third, the court held that the application and affidavit failed to establish that normal investigative procedures had been tried and failed or were too dangerous, as required by Section 934.09(3) Florida Statutes (1979).
We conclude that these findings are each erroneous and we therefore reverse.
*1056 It is now settled that federal law has preempted the ability of certain state officials to authorize an application for the interception of oral communications. That federal law, referring to the "principal prosecuting attorney" (18 U.S.C. Section 2516(2)), when read in the context of Section 934.07 Florida Statutes (1975), refers to the appropriate State Attorney and precludes the exercise of that power by a general class of prosecutors known as assistant state attorneys. State v. Daniels, 389 So.2d 631 (Fla. 1980). Unfortunately, the precise semantical question posed by this appeal is not expressly dealt with by the Daniels court. Perhaps this is either because the answer has always been assumed or the problem has been considered illusory. In any event, the remaining question is whether the state attorney must make the application or whether it is enough that the application has been authorized by the state attorney. In the instant case the state attorney authorized, but did not make, the application. The Florida Statute, Section 934.07, is rather clear that "any State Attorney may authorize ..." such an application. The federal statute, on the other hand, authorizes the principal prosecuting attorney of any state to "... apply to such judge ..." for an appropriate order. Title 18, United States Code, Section 2516(2). The dichotomy between these two approaches may be more imagined than real and, in the absence of a clear mandate from the Supreme Court of Florida, we choose to follow the second district and hold that written authorization by a state attorney of an application for intercept will be sufficient. State v. McGillicuddy, 342 So.2d 567 (Fla.2d DCA 1977). That procedure was followed in the case at bar and the intercept was therefore properly authorized.
Next, the trial court held that the affidavit was insufficient to establish probable cause. The sufficiency of an affidavit to establish the necessary elements to support issuance of a wiretap order must be determined from a reading of the affidavit as a whole, not from bits and pieces read in isolation. Rodriguez v. State, 297 So.2d 15 (Fla. 1974). In assessing probable cause the issuing magistrate must use his own judgment based on the entire picture presented to him and utilize his common sense. When this procedure is followed, his determination is conclusive in the absence of arbitrariness. United States v. Weinrich, 586 F.2d 481 (5th Cir.1978); cert. denied, 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 243 (1979).
The order granting appellees' motion to suppress discloses that the trial court isolated certain allegations and determined that they were insufficient to establish probable cause. Further, the trial court did not give any deference to the issuing magistrate's determination of probable cause, rather it made an independent determination from the affidavit that probable cause was not established. Yet, there is no indication that the issuing magistrate was arbitrary and in fact the affidavit contains extensive factual allegations on which a determination of probable cause could be based.
The trial court also determined that the affiant unintentionally misinterpreted a conversation between appellee, Birs, and a confidential informant and that this was improper because the confidential informant knew the interpretation to be false. Specifically, the affiant represented that the reference in the conversation to "that thing we went up to West Palm about" was a reference to narcotics. The confidential informant testified that although he and Birs went up to West Palm to look at cocaine, when they arrived they didn't see any. Nevertheless, the "thing" they went to West Palm about was cocaine even though it wasn't there. Thus, the trial court's finding that the issuing magistrate was misled by a false interpretation is not supported by the record.
Accordingly we determine that the affidavit was sufficient to establish probable cause.
The third basis for suppression of the evidence below was a supposed failure to comply with Section 934.09(3)(c), Florida Statutes (1979).
*1057 The statutory requirement that normal investigative procedures be exhausted prior to application for a wiretap order must be reviewed in a practical and common sense fashion. It is not necessary that all possible techniques or alternatives to wiretapping be first exhausted. The showing must be that other reasonable investigative procedures have been tried and either have failed or appear likely to fail or to be too dangerous. If other techniques have not been tried, the reasons as to why they reasonably appear unlikely to succeed must be demonstrated. State v. Daniels, supra.
The trial court here determined that the testimony revealed, contrary to allegations in the affidavit, that the confidential informant had Birs' trust and confidence and that the confidential informant or surveillance could have successfully revealed the identity of Birs' associates in the smuggling operation being investigated.
However, the informant testified that he met some of Birs' "friends" but knew only their nicknames. He was not allowed to visit Birs' home at his leisure, but had to call. Although the informant was in Birs' confidence, Birs would not identify the persons involved in the smuggling operations. The informant could identify persons with whom Birs dealt but could not identify their roles, if any, in the smuggling venture.
Testimony also revealed that physical surveillance was dangerous to the investigation because Birs had spotted surveillance vehicles.
Thus, wiretapping appears the most reasonable investigative technique under the circumstances to secure other and conclusive evidence of criminal involvement. State v. Daniels, supra.
Based upon the foregoing, we reverse the order granting the motion to suppress the intercepted evidence and remand for further appropriate proceedings.
REVERSED AND REMANDED.
MOORE and GLICKSTEIN, JJ., concur.