404 So.2d 757 (1981)
STATE of Florida, Appellant,
v.
Ed McMANUS and Ludwell E. O'Quinn, Sr., Appellees.
No. 80-1092.
District Court of Appeal of Florida, Fourth District.
September 2, 1981.
Rehearings Denied November 4, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for appellant.
Robert T. Adams, Marianna, for appellee-McManus.
P.D. Aiken, Fort Lauderdale, for appellee-O'Quinn.
GREEN, OLIVER L., Jr., Associate Judge.
The appellees were charged by information with criminal conspiracy to deliver cannabis in excess of 100 pounds. The trial judge granted the appellees' motion to suppress the evidence. The State appeals this order. We reverse.
On July 25, 1978, the State Attorney for the Seventeenth Judicial Circuit authorized an application for an order of interception to be made by Detective James P. Harn, of the Hollywood, Florida Police Department. Pursuant to the authorization, Detective James P. Harn and Detective William Matterly made a timely appearance before a circuit court judge, who read the application and then proceeded to administer an *758 oath to the said Detective James P. Harn. Detective Harn signed his name to the application and affidavit in the presence of the circuit judge. The circuit judge, having thus reviewed the application and having administered the oath, neglected to sign his name thereon, to affix a jurat, the date, or his seal of office. The circuit judge signed an accompanying order of custody and order authorizing interception. Evidence in the form of cannabis was seized as a result of information obtained from the oral interception. This evidence was suppressed by order of the trial judge, who was not the judge that signed the intercept order.
There are two points on appeal. The first point is directed to a holding by the trial judge that the state attorney was without authority to authorize a municipal police officer to apply for an order of interception. This order was entered prior to our ruling in the case of State v. Birs, 394 So.2d 1054 (Fla. 4th DCA 1981), wherein it was held that the state attorney was empowered to authorize a police officer to make application for interception. (Also see State v. McGillicuddy, 342 So.2d 567 (Fla. 2nd DCA 1977)). A distinguishing factor is that in the Birs case, the officer was on special assignment to the state attorney's office, whereas, in this case, there is no reference to any such appointment.
While this opinion should not be read as an encouragement for state attorneys to designate their authority in this fashion, neither do we find that this arrangement is proscribed by 18 U.S.C. Section 2516(2) or Section 934.07, Florida Statutes (1975).
The second point on appeal is that the trial judge erred in suppressing the evidence even though the application and affidavit did not bear a jurat, the date, the issuing judge's signature, or his seal of office. Detective James P. Harn and Detective William Matterly testified in great detail about the circumstances under which they appeared before the circuit judge for the purpose of obtaining the order of intercept. The circuit judge before whom Detectives Harn and Matterly appeared also testified as to the occurrence of the transaction; however, he was less clear on the details of what occurred.
The conclusion is inescapable that the failure of the circuit judge to sign the application and affidavit was an oversight. We are not impressed with whatever question might linger concerning the wording of the oath that was administered by the circuit judge to Detective Harn. It is reasonable to assume that a circuit judge, in the usual course of his duties, would administer a lawful oath pursuant to F.S. 92.50. Neither do we conclude that the explained absence of a jurat or court seal is fatal.
We are left with uncontroverted evidence that the affidavit and application in this case was in all other regards in compliance with Title 18, U.S.C., Section 2516(2), Section 2518, and Chapter 934 Florida Statutes. The mere administrative oversight of the circuit judge failing to affix his signature, a jurat, and seal, will not destroy the otherwise lawful force and effect of the order of custody and order of interception which was properly signed by him.
This decision is not to be read to condone significant acts of nonfeasance on the part of those applying for and issuing such orders. This decision should be read as holding that official oversights, if satisfactorily explained, will not constitute fatal defects, where the same are not proscribed by law, and the defendant is not prejudiced. Hoffman v. State, 397 So.2d 288 (Fla. 1981); State v. Buffa, 347 So.2d 688 (Fla. 4th DCA 1977); Johnson v. State, 339 So.2d 667 (Fla. 2nd DCA 1976); Cain v. State, 287 So.2d 69 (Fla. 1973); Arnold v. State, 83 So.2d 105 (Fla. 1955).
We reverse the order granting the motion to suppress and remand for further proceedings.
REVERSED and REMANDED.
BERANEK, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.