421 So.2d 1087 (1982)
STATE of Florida, Appellant,
v.
Pearl TOLMIE, Melodie Tolmie and Edwin Tolmie, and Edwin Tolmie, Appellees.
No. 81-1964.
District Court of Appeal of Florida, Fourth District.
September 22, 1982.
Rehearing Denied December 8, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for appellant.
Bennett S. Cohn of Law Offices of Bennett S. Cohn, Lake Worth, and Steve Gomberg of Lubin & Hamill, P.A., West Palm Beach, for appellees.
DOWNEY, Judge.
Appellees were indicted for second degree murder. A motion to suppress was filed by appellees upon the ground that the affidavit for search warrant was not subscribed by the alleged affiant. The affidavit contained a jurat signed by the magistrate but was not signed by the alleged affiant nor does it contain any seal of the court. The State filed an affidavit of the magistrate who issued the warrant, which stated that he had placed the affiant under oath and that affiant swore to the truth of his statements made in the affidavit. However, the trial court felt the statement of the magistrate was insufficient to meet the requirements of the statute and granted appellees' motion to suppress.
We hold that the failure of an affiant to subscribe to an affidavit for search warrant as required by statute invalidates a warrant based thereon.
*1088 The statute in question, Section 933.06, Florida Statutes (1981), provides:
The judge or magistrate must, before issuing the warrant, have the application of some person for said warrant duly sworn to and subscribed, and may receive further testimony from witnesses or supporting affidavits, or depositions in writing, to support the application.
The application for, issuance of, and service of search warrants is serious business, which has been jealously controlled by statutes and Constitution. It is almost axiomatic that statutes and rules authorizing searches and seizures are strictly construed and affidavits and warrants issued pursuant to such authority must meticulously conform to statutory and constitutional provisions. State ex rel. Wilson v. Quigg, 154 Fla. 348, 17 So.2d 697 (1944); Hesselrode v. State, 369 So.2d 348 (Fla. 2d DCA 1979). Section 933.06, Florida Statutes (1981), mandates that, before the warrant issues, some person must subscribe and swear to the application therefor.
In the present case, the person seeking the warrant did not subscribe to the application  he was sworn but did not subscribe. Thus, the affiant omitted one of the two most important aspects of the procedure, the signing. In State v. McManus, 404 So.2d 757 (Fla. 4th DCA 1981), this court excused the magistrate's failure to complete and seal the jurat on a wiretap application as "mere administrative oversight." The magistrate later testified that the application had been signed and sworn to before him and that he simply failed to complete the jurat and place the seal of the court thereon. Here, the judge testified by affidavit that he recalled the application for search warrant, that the detective applying therefor did, in fact, swear to the application, and that he filled in the jurat. However, the judge could not rectify the oversight of no subscription because, in fact, it was never signed.
We are of the view that the law is better served by requiring strict compliance with the statute requiring issuance of a search warrant. Compliance should be required or the provision mandating subscription should be done away with in favor of simply swearing to the truth of the contents before the magistrate.
Accordingly, we affirm the order of suppression.
HURLEY, J., concurs.
LETTS, C.J., dissents, with opinion.
LETTS, Chief Judge, dissenting:
Section 933.06, Florida Statutes (1979), provides:
The judge or magistrate must, before issuing the warrant, have the application of some person for said warrant duly sworn to and subscribed, and may receive further testimony from witnesses or supporting affidavits, or depositions in writing, to support the application... .
Appellees argue that this section mandates a subscription. It is true that statutes authorizing searches and seizures must be strictly construed, and affidavits and search warrants issued thereunder must strictly conform to the constitutional and statutory provisions authorizing their making and issuance. Hesselrod v. State, 369 So.2d 348 (Fla. 2d DCA 1979), Carter v. State, 199 So.2d 324 (Fla. 2d DCA 1967). In line with the foregoing the appellees claim that the later affidavit (given by the magistrate who signed the warrant) confirming that the person seeking the warrant had orally sworn to the truth of the contents of the original affidavit, at the time the warrant was issued, is irrelevant because the issue is not whether it was sworn to but whether the original affidavit was actually subscribed.
In State v. McManus, 404 So.2d 757, 758 (Fla. 4th DCA 1981), this court stated that "official oversights, if satisfactorily explained, will not constitute fatal defects, where the same are not proscribed by law, and the defendant is not prejudiced." There the trial judge, by an administrative oversight, failed to affix his signature, jurat and seal. Appellees are quick to distinguish McManus by pointing out that the *1089 omission of the signature here is "proscribed by law." However, in McManus, the statute on oaths, affidavits and acknowledgments Section 92.50, Florida Statutes (1979), contain similar provisions:
(1) IN THIS STATE.  Oaths, affidavits, and acknowledgments required or authorized under the laws of this state (except oaths to jurors and witnesses in court and such other oaths, affidavits and acknowledgments as are required by law to be taken or administered by or before particular officers) may be taken or administered by or before any judge, clerk, or deputy clerk of any court of record within this state, including federal courts or before any United States commissioner or any notary public within this state. The jurat, or certificate of proof or acknowledgment, shall be authenticated by the signature and official seal of such officer or person taking or administering the same; however, when taken or administered before any judge, clerk, or deputy clerk of a court of record, the seal of such court may be affixed as the seal of such officer or person. (Emphasis added)
In spite of this statute specifically requiring a jurat or certificate of acknowledgment, the McManus case found that the affidavit and application were in all regards in compliance with the wiretap statutes, and that the omission would not destroy the otherwise lawful force and effect of the orders. There too, the trial court judge testified as to the occurrence of the application for the intercept. I think McManus and the case now before us are the same in principle. Moreover, there is nothing in the statute forbidding the judge's testimony as proof aliunde. As stated in Hoffman v. State, 397 So.2d 288, 290 (Fla. 1981):
We do not condone sloppy work by the State in preparing cases. We realize, however, that mistakes can happen.
This is nothing more than a sloppy clerical error which has been adequately explained away and cured. I would reverse.