750 So.2d 144 (2000)
Alvin R. MYLOCK, Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-2719.
District Court of Appeal of Florida, First District.
January 27, 2000.
*145 J.B. Murphy, Pensacola, for Appellant.
Robert A. Butterworth, Attorney General and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, J.
Alvin R. Mylock was charged with grand theft and, after the trial court entered an order denying his motion to suppress evidence seized pursuant to a search warrant, pled nolo contendere reserving his right to appeal the denial of the motion to suppress. The parties have stipulated that the suppression issue is dispositive of the case. On appeal, Mylock argues the trial court erred in denying the suppression motion, asserting that the search warrant was not issued based upon a sworn affidavit as expressly required by Article I, section 12 of the Florida Constitution and sections 933.06 and 933.18(10), Florida Statutes (1997). Although we agree with appellant that the search warrant was invalidly issued without a supporting affidavit, because the record reflects that probable cause existed to search Mylock's truck without a warrant, we affirm the denial of the motion to suppress.

Factual and Procedural Background
In lieu of a record on appeal, the parties filed a stipulated statement pursuant to Florida Rule of Appellate Procedure 9.200(a)(4). It provides:
The Parties, pursuant to Fla. R.App. P. 9.200(a)(4), stipulate that the following may be relied upon in lieu of any other record in this appeal.
On November 28, 1997, in Escambia County, Florida, private investigators of Champion Paper Mill observed what they believed to be the taking of property from its plant by the defendant, an employee of Champion. The actions of the defendant were video taped. The private investigator called the Escambia County Sheriff's Department. Upon arrival at the scene, the officers of the Escambia County Sheriff's Department detained the defendant. They observed a handle of what they believed to be a tool belonging to Champion in the cab of defendant's truck. One of the deputies called Judge Tom Johnson in order to obtain a search warrant. Judge Johnson was the "duty" judge at the time. Judge Johnson, who happened to be in the vicinity, came to the scene and upon being orally advised by the deputies as to what they had seen, and having viewed the video tape of defendant's actions, and the truck itself, issued a hand written search warrant, a copy of which is attached hereto.[[1]] No affidavit in support of the search warrant was obtained or presented to Judge Johnson. Armed with the search warrant, officers of the Escambia County Sheriff's Department and the private investigators of Champion Paper Mill searched the defendant's truck in which they found a tool commonly known as a "come along" and some gloves and other items which they believe belonged to Champion Paper Mill. Escambia County Sheriff's deputies and Champion Paper Mill's private investigators then went to the defendant's home after nightfall and searched the home and out building and discovered other items belonging to Champion Paper Mill.
As a result, the defendant was charged with grand theft. He sought to suppress the evidence seized as a result of the execution of the search warrant. The trial court denied the motion. If *146 the motion had been granted, all evidence seized as a result of the execution of the search warrant would have been suppressed and the matter would have been dismissed.

Preservation of Issue on Appeal
The state seeks dismissal of this appeal, contending that the suppression issue is not a dispositive issue in the instant case and, therefore, that the issue was not preserved for appellate review. We cannot agree.
An issue is preserved for appeal on a nolo contendere plea only if it is dispositive of the case. Brown v. State, 376 So.2d 382, 384 (Fla.1979); State v. Carr, 438 So.2d 826, 828 (Fla.1983). We have held that "[a]n issue is dispositive only if, regardless of whether the appellate court affirms or reverses the lower court's decision, there will be no trial of the case." Morgan v. State, 486 So.2d 1356, 1357 (Fla. 1st DCA 1986). Where the parties stipulate that an issue is dispositive, we will not "`go behind' the stipulation of the parties in an effort to ascertain whether the issue is truly dispositive." Phuagnong v. State, 714 So.2d 527, 528 (Fla. 1st DCA 1998)(quoting Zeigler v. State, 471 So.2d 172, 175 (Fla. 1st DCA 1985)). While we have no authority to review a trial court's ruling if it is clear that the state would be able to proceed to trial in any event, see Morgan, 486 So.2d at 1357, the instant stipulation unconditionally states that "[i]f the [suppression] motion had been granted, all evidence seized as a result of the execution of the search warrant would have been suppressed and the matter would have been dismissed." Accordingly, we have jurisdiction.

Affidavit Requirement for Search Warrant
Appellant asserts that the warrant was invalid because the trial court issued the warrant without the support of an affidavit as required by the express language in Article I, section 12, of the Florida Constitution and sections 933.06 and 933.18(10), Florida Statutes (1997). The state argues that, because Article I, section 12 can provide no greater protections than the Fourth Amendment to the United States Constitution, and the Fourth Amendment does not require an affidavit to support the issuance of an affidavit, the order on appeal should be affirmed.
Article I, section 12 of the Florida Constitution, addressing searches and seizures, provides that "[n]o warrant shall be issued except upon probable cause, supported by affidavit."[2] Section 12 was amended in 1982, however, to provide that the right to be free from unreasonable searches and seizures "shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court." The 1982 amendment further provides that seized articles or information are inadmissible "in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution." The Florida Supreme Court has explained the impact of the 1982 amendment to Article I, section 12, as follows:
Prior to passage of this amendment, Florida courts "were free to provide its citizens with a higher standard of protection from governmental intrusion than that afforded by the Federal Constitution," [State v.] Lavazzolli [Lavazzoli], 434 So.2d [321] at 323 [(Fla.1983)]. *147 With this amendment, however, we are bound to follow the interpretations of the United States Supreme Court with relation to the fourth amendment, and provide no greater protection than those interpretations. Indeed, an exclusionary rule that was once constitutionally mandated in Florida can now be eliminated by judicial decision of the United States Supreme Court.
Bernie v. State, 524 So.2d 988, 990-91 (Fla. 1988).
The Fourth Amendment provides that
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
(Emphasis added). The state argues that the Fourth Amendment has been interpreted to require that probable cause must be supported by oath or affirmation, but not by an affidavit. See Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 564, 91 S.Ct. 1031, 1035, 28 L.Ed.2d 306 (1971); McGrain v. Daugherty, 273 U.S. 135, 158, 47 S.Ct. 319, 323, 71 L.Ed. 580 (1927); Ex parte Burford, 7 U.S. 448, 451, 2 L.Ed. 495 (Dist.Col.1806); see also Christofferson v. Washington, 393 U.S. 1090, 89 S.Ct. 855, 21 L.Ed.2d 783 (1969)(J. Brennan, dissenting). Language in these supreme court decisions has been relied upon to support the conclusion that the Fourth Amendment does not require sole reliance upon an affidavit, see United States ex rel. Gaugler v. Brierley, 477 F.2d 516, 522 (3d Cir.1973), and Federal Circuit Courts have held that "[t]he Fourth Amendment does not require that the basis for probable cause be established in a written affidavit...." United States v. Clyburn, 24 F.3d 613, 617 (4th Cir.1994). The United States Supreme Court, however, has never squarely reached the issue. Brierley, 477 F.2d at 522; James H. Carroll, The Constitutionality of the Use of Unrecorded Oral Testimony to Establish Probable Cause for Search Warrants, 70 U. Va. L.Rev. 1603, 1605 (1984); Wayne R. LaFave, 2 Search & Seizure (3d Ed.), § 4.3(b). "[I]n the absence of a controlling U.S. Supreme Court decision, Florida courts are still `free to provide its citizens with a higher standard of protection from governmental intrusion than that afforded by the Federal Constitution.'" Soca v. State, 673 So.2d 24, 26 (Fla.1996)(quoting State v. Lavazzoli, 434 So.2d 321, 323 (Fla. 1983)).
Thus, in the absence of a United States Supreme Court decision controlling the issue before us, the validity of the warrant is controlled by Florida constitutional and statutory provisions requiring that a search warrant must be supported by an affidavit.[3]See also Bonilla v. State, 579 So.2d 802, 805 (Fla. 5th DCA 1991). The instant warrant having been issued without the support of an affidavit, the warrant was invalid and any evidence that could be seized solely under the warrant would be inadmissible.

Seizure of Evidence Without Warrant
On appeal the state alternatively argues that, based on the facts in the stipulated statement, the officers of the Escambia County Sheriff's Department on the scene had probable cause to search Mylock's truck without a warrant under the so-called "automobile exception" to the warrant requirement. See Pennsylvania v. Labron, 518 U.S. 938, 940-41, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996)(if automobile "is readily mobile and probable *148 cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more."); see also Maryland v. Dyson, 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999). As a result, the state contends, the lawful seizure of the evidence from the truck was not dependent on the validity of the warrant. We agree.
Beginning with Carroll v. United States, 267 U.S. 132, 156, 45 S.Ct. 280, 286, 69 L.Ed. 543 (1925), the United States Supreme Court has held that when police officers have probable cause to believe that a vehicle contains contraband or evidence of criminal activity, they may search the vehicle without obtaining a warrant. The court's rationale has centered on the vehicle's "ready mobility," California v. Carney, 471 U.S. 386, 390, 105 S.Ct. 2066, 2069, 85 L.Ed.2d 406 (1985); see also Labron, Dyson; and the reduced expectation of privacy in a motor vehicle due to its characteristics, use and pervasive regulation. New York v. Class, 475 U.S. 106, 112-113, 106 S.Ct. 960, 965, 89 L.Ed.2d 81 (1986); United States v. Chadwick, 433 U.S. 1, 12-13, 97 S.Ct. 2476, 2484, 53 L.Ed.2d 538 (1977).
The totality of circumstances revealed by the facts in the stipulated statement the tip from Champion's private investigators, the videotape, and the officer's observation of a tool believed to be Champion's propertywere sufficient to establish probable cause to believe that Mylock's truck contained contraband. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Accordingly, under Carroll, Labron and Dyson, the officers were permitted to search the truck for contraband without obtaining a warrant. As a result, the trial court did not err in refusing to suppress the seized evidence. See Stuart v. State, 360 So.2d 406, 408 (Fla.1978); Savage v. State, 156 So.2d 566, 568 (Fla. 1st DCA 1963)("[i]f a trial judge's order ... is sustainable under any theory revealed by the record on appeal, notwithstanding that it may have been bottomed on an erroneous theory, an erroneous reason, or an erroneous ground, the order ... will be affirmed."). Thus, we affirm.
AFFIRMED.
ERVIN AND BROWNING, JJ., CONCUR.
NOTES
[1] A copy of the signed search warrant is attached to appellant's initial brief and provides "[b]ased upon Affidavit and personal statements from affiant to judge Law Enforcement is authorized to open and view contents of Blue Nissan Truck Fla. LFA-843 for possible theft from Champion [P]aper [M]illif any stolen items found, then Search Warrant extends to residence at 1557 Kathleen, Cantamount, Fla. and surrounding vehicles on property at this location signed Thomas E. Johnson, Judge."
[2] We note that section 22 of the Declaration of Rights of the Florida Constitution of 1885, as amended, like the Fourth Amendment to the United States Constitution, required only that the warrant for search and seizure be supported by "oath or affirmation." When the Florida Constitution was revised in 1968, the present language of Article I, section 12 was added requiring that a warrant for search and seizure in Florida "must now be supported by `affidavit.'" Commentary by Talbot "Sandy" D'Alemberte, Art. I, § 12, Fla. Const., 25A, Fla. Stat. Annot. 250.
[3] We do not address appellant's argument that, even if the U.S. Supreme Court had addressed the issue before us, the Legislature may adopt a higher standard for police conduct than provided by the Fourth Amendment, see State v. Slaney, 653 So.2d 422, 425 (Fla. 3d DCA 1995), and has done so by enacting the affidavit requirements in sections 933.06 and 933.18(10), Florida Statutes (1997).