## 18776

The STATE, Respondent, v. James BAKER, Appellant

(160 S. E. (2d) 556)

*Messrs. Hayes, Brunson & Gatlin,* of Rock Hill, *for Appellant,*

*Mike S. Jolly, Esq., Solicitor,* of Union, *for Respondent.*

April 2, 1968.

LITTLEJOHN, Justice.

The defendant was tried and convicted by a jury in the Court of General Sessions for York County of possessing and keeping alcoholic liquor in a place of business (filling station) in violation of Section 4-95 of the South Carolina Code.

During the course of the trial the State offered and the court admitted into evidence a quantity of tax-paid liquor which had been found and seized by the use of a search warrant, obtained by a police officer from a magistrate, to search the filling station of the defendant. Timely and appropriate objections were raised by counsel for the defendant to the introduction of such evidence on the grounds, first, that the affidavit used as a basis for procuring the search warrant was insufficient, and second, on the ground that the search warrant was obtained on February 5, 1966 and was not served and executed until March 19, 1966. The warrant was issued at York, the county seat, and the filling station involved is located in the town of Clover, a few miles away. There is no explanation whatsoever in the record showing why the warrant was held 42 days before service.

Some statutes fix a time limit within which a search may be made; other statutes indicate that the search must be made forthwith.

The search warrant involved here was issued pursuant to Section 4-414 and Section 4-415 of the Code. Such sections do not provide any time limit for the serving of the warrant and/or the making of a return to the issuing authority.

There is no common law right to issue search warrants. The issuing authority is subject to the constitutional prohibition against unreasonable searches and seizures as set forth in the fourth amendment to the Constitution of the United States, and subject to statutory control.

"The constitutional guaranties are violated where the warrant is not executed within a reasonable time; what is a reasonable time is a question of law for the court to determine in each case, according to the circumstances." 47 Am. Jur. 526, Searches and Seizures—Time of Execution, Paragraph 40.

The general law cited above is consistent with that applicable to intoxicating liquors as follows:

"The constitutional guaranty against unreasonable searches and seizures requires that the search warrant for intoxicating liquors be executed within a reasonable time; what constitutes a reasonable time is a question of law for the court to determine in each case, according to its circumstances." 30 Am. Jur. 792, Intoxicating Liquors—Execution of Warrant. Paragraph 469.

An application for a search warrant is a request for permission to search premises. It insinuates an existing violation of the law and impliedly represents that there is a necessity to search promptly. The permission to search, in the absence of a time limit in the warrant or the statute, impliedly directs that the search should be made forthwith or without delay, and certainly within a reasonable time. 79 C. J. S., Searches and Seizures, Sec. 83c, Execution of Warrant, p. 899. The courts have in the absence of statute been careful to refrain from indicating, as a matter of case law, any specific number of days as being a reasonable time, and this is proper because a reasonable time depends on all of the circumstances of the case.

"Some jurisdictions make a distinction between the execution of a search warrant against a professional criminal and a sporadic or untrained one, holding that as against the latter it should be executed within a few days, but as it may take weeks of patient observation to find an effective moment for executing the warrant against the professional public enemy, the requirement in such case is not so limited."

79 C. J. S., Searches and Seizures, Sec. 83C, Execution of Warrant, p. 899.

> We are of the opinion that the search warrant had, by reason of the 42 days unexplained delay, become stale and ineffective as a matter of law.

All evidence obtained by the use of it should have been excluded. This result is required both under the fourth amendment to the Constitution of the United States, which, according to decisions of the United States Supreme Court has been made applicable to the States by the fourteenth amendment, *Mapp v. Ohio*, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. (2d) 1081, and under federal standards pertaining to the use of search warrants, which also have been made applicable to the States.

It is distasteful to the court to sustain the position of the defendant when it is apparent that the whiskey was illegally kept on the premises on March 19, 1966, but we are confronted with the duty to apply the law as declared and to establish a precedent for all other similar cases arising hereafter. Should we hold that this evidence was admissible it would signal all police authority that search warrants may be held as long as 42 days without excuse. Such is inconsistent with the constitutional guaranty and is inconsistent with the general case law. See 3 A. L. R. 1520, 27 A. L. R. 756, 39 A. L. R. 847, 74 A. L. R. 1514, *Farmer v. Sellers*, 89 S. C. 492, 72 S. E. 224 (1911) and *State v. Cesero*, 146 Conn. 375, 151 A. (2d) 338 (1959).

Inasmuch as the warrant was stale and invalid when executed, it is not necessary to rule upon the sufficiency of the affidavit used to procure it.

A new trial must be held. The lower court is

Reversed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.