467 So.2d 329 (1985)
James Joseph SPERA, Appellant,
v.
STATE of Florida, Appellee.
No. 84-310.
District Court of Appeal of Florida, Second District.
February 27, 1985.
Rehearing Denied April 22, 1985.
*330 D. Lee Fugate, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
In a case of first impression in Florida, we hold that a stale search warrant vitiates a search pursuant to that warrant and requires suppression of any evidence seized as a consequence of the search. Further, in accordance with the ten-day limitation specified in section 933.05, Florida Statutes (1983), we hold that a search warrant in Florida becomes stale ten days after its issuance.
In the instant case, a search warrant was issued on March 11, 1983, for a search of the defendant's residence. The search warrant was not executed until March 24, 1983, at which time a considerable amount of cocaine was discovered and seized. Based on that evidence, the defendant was charged with trafficking in cocaine in excess of twenty-eight grams but less than 200 grams. Following the denial of the defendant's motion to suppress the evidence against him, the defendant went to trial and was found by a jury to be guilty as charged of the trafficking offense. He appeals his conviction on several grounds. We need only address the question whether the trial judge erred in denying the defendant's motion to suppress the evidence. We hold that the trial judge did err, and reverse.
There is ample authority for the proposition that a search pursuant to a stale search warrant is invalid.[1]United States v. Bedford, 519 F.2d 650 (3d Cir.1975); Mitchell v. United States, 258 F.2d 435 (D.C. Cir.1958) (Bazelon, J., concurring); State v. Baker, 251 S.C. 108, 160 S.E.2d 556 (1968).
In some jurisdictions, the more difficult question is when does a warrant become stale. In those states which have no statute or rule specifying a time within which a warrant may be executed, the courts have applied a reasonableness standard and have held that a warrant must be executed within a reasonable time to be determined under the facts and circumstances of each case. Baker. In Florida we do not have that problem because our legislature has specified by statute that a search warrant must be returned within ten days after issuance thereof. § 933.05, Fla. Stat. (1983). In our view, the legislature has decided that ten days is a reasonable time and we, therefore, hold that a search warrant becomes stale if not executed within ten days after its issuance.[2] This means that if, for any reason, law enforcement authorities are not able to execute a search warrant within ten days after its issuance, they must return to the issuing magistrate for a redetermination of whether probable *331 cause for the search presently exists and, if so, for the issuance of a new warrant.
The reasoning behind the staleness rule is simple; probable cause may well be affected by the passage of time. Just as stale information may defeat a finding of probable cause in a warrant application, the same information, having become stale after issuance of the warrant but before its execution, cannot support a presumption of continuing probable cause. 8A J. Moore, Moore's Federal Practice ¶ 41.06(3) (2d ed., June 1981 rev.). A search warrant is based upon a judicial determination of the present existence of justifying grounds  that is, at the time of issuance of the warrant. The in praesenti basis of the warrant requires as a matter of logical necessity that it be served without delay. Mitchell (Bazelon, J., concurring). In Bedford, the court stated:
The element of time can admittedly affect the validity of a search warrant. Since it is upon allegation of presently existing facts that a warrant is issued, it is essential that it be executed promptly, "in order to lessen the possibility that the facts upon which probable cause was initially based do not become dissipated." If the police were allowed to execute the warrant at leisure, the safeguard of judicial control over the search which the fourth amendment is intended to accomplish would be eviscerated. Thus, a search pursuant to a "stale" warrant is invalid.
Id. at 655.
In the case before us, the search warrant was not executed until thirteen days after its issuance. The warrant, therefore, had become stale and the search was invalid. The trial judge should have suppressed as evidence the cocaine which was found as a result of that search.
For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.
SCHEB, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] The situation in the instant case is to be distinguished from that in State v. Featherstone, 246 So.2d 597 (Fla. 3d DCA 1971), where the warrant was executed within ten days but was not returned until after ten days.
[2] We note that federal warrants must be executed within ten days. Fed.R.Crim.P. 41(c)(1).