LAWRENCE, Judge.
Michael McKay Gardner (Gardner) appeals from his judgment and sentence to county jail, arguing that he instead should have been sentenced to a pretrial intervention program. We affirm.
Gardner pleaded nolo contendere to possession of cocaine and possession of more than twenty grams of cannabis committed on January 9, 1997, in Duval County. The trial judge denied Gardner’s motion for admission to a pretrial intervention program, and instead sentenced Gardner to county jail for time served — forty-four days.
Section 948.08, Florida Statutes (1997), provides:
Pretrial intervention program.—
[[Image here]]
(6)(a) Notwithstanding any provision of this section, a person who is charged with a felony of the second or third degree for purchase or possession of a controlled substance under chapter 893, and who has not previously been convicted of a felony nor been admitted to a pretrial program referred to in this section, is eligible for admission into a pretrial substance abuse education and treatment intervention program approved by the chief judge of the circuit, for a period of not less than 1 year in duration, upon motion of either party or the court’s own motion. If the state attorney believes that the facts and circumstances of the ease suggest the defendant’s involvement in the dealing and selling of controlled substances, the court shall hold a preadmission hearing. If the state attorney establishes, by a preponderance of the evidence at such hearing, that the defendant was involved in the dealing or selling of controlled substances, the court shall deny the defendant’s admission into a pretrial intervention program.
(Emphasis added.) A trial judge thus must deny pretrial intervention if a preponderance of the evidence shows drug-dealing; the statute affords no discretion in the matter.
The Florida Supreme Court furthermore directs:
[A]n appellate court should not retry a ease or reweigh conflicting evidence submitted to a jury or other trier of fact. Rather, the concern on appeal must be whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment.
Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981) (footnote omitted) (emphasis added). We thus must affirm the trial judge’s finding regarding pretrial intervention if substantial competent evidence supports it. There is such evidence in the instant case.
A confidential informant purchased crack cocaine from a .black male with “plats in the top of his head.” A search warrant for Gardner’s residence was issued as a result. An undercover officer, prior to the execution of the warrant, made a purchase from a woman at Gardner’s residence. Officers then executed the warrant, entered Gardner’s residence, and found Gardner in a back room taking a package of crack cocaine from his pocket. Gardner, a black male, has “plats in his hair.”
Substantial competent evidence supports the trial judge’s finding that Gardner is ineligible for pretrial intervention. We therefore affirm Gardner’s judgment and sentence.
BARFIELD, C.J., and ALLEN, J., concur.