917 So.2d 941 (2005)
Torrey Lenard SLOSS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2316.
District Court of Appeal of Florida, Fifth District.
December 16, 2005.
Rehearing Denied January 13, 2006.
Jeffrey L. Dees, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, C.J.
The defendant appeals from judgments and sentences entered in three cases, raising as his sole point alleged error *942 in the denial of his motions for discharge of trial counsel. These judgments were entered pursuant to guilty pleas whereby the defendant announced he was reserving his right to appeal the denial of his motions for discharge of counsel pursuant to Florida Rule of Appellate Procedure 9.140(b)(2).
Under this rule, a defendant may appeal a conviction based on a guilty plea only if he expressly reserves the right to appeal a prior dispositive order of the trial court. Jones v. State, 806 So.2d 590 (Fla. 5th DCA 2002). An issue is deemed legally dispositive only if it is clear that regardless of whether the appellate court affirms or reverses the trial court's ruling, there will be no trial. Jones (dismissing appeal because motion to suppress was not dispositive; State had other evidence upon which to convict defendant); accord Hedglin v. State, 892 So.2d 1183 (Fla. 5th DCA 2005). In Brown v. State, 376 So.2d 382 (Fla.1979), the supreme court explained the requirement that the issue be dispositive:
The practice of allowing an appeal after a plea of nolo contendere [or guilty] is grounded upon the belief that "it expedites resolution of the controversy and narrows the issues to be resolved." These purposes are poorly served and, indeed, thwarted when a defendant is permitted to appeal nondispositive pretrial rulings. Instead of expediting resolution of the controversy, the procedure prolongs litigation by sanctioning, in effect, an interlocutory appeal. Because of the nondispositive nature of the appeal, the defendant faces the prospect of a trial even if he prevails on appeal. The inevitable is not avoided but merely postponed, thus further burdening the already severely taxes [sic] resources of our courts. The more logical and efficient procedure to follow in this situation is to proceed to trial and fully ventilate all of the issues. In this way the matter will reach the appellate court in a familiar posture and with a full record upon which to base an intelligent decision.
376 So.2d at 384 (footnote omitted).
The defendant pled guilty, expressly reserving his right to appeal the denial of his motions for discharge of his court-appointed counsel. These motions, however, unlike many motions to suppress or to dismiss, are in no way dispositive as a reversal would merely result in remand for further proceedings, including the possibility of a trial.
The fact that the State expressed no objection to the defendant's desire to reserve the right to appeal the denial of his motions for discharge is itself insufficient to establish appellate jurisdiction. It is well-settled that subject matter jurisdiction cannot be conferred by agreement of the parties. Pena v. State, 913 So.2d 1203 (Fla. 4th DCA 2005) (stipulation in plea agreement that defendant could plead no contest reserving the right to appeal denial of his motion to participate in drug court did not confer appellate jurisdiction).
Where an appeal is dismissed because the issue reserved for appeal is deemed not to be dispositive, the dismissal is without prejudice to the defendant's right to move to withdraw his plea. See Werner v. State, 828 So.2d 499 (Fla. 3d DCA 2002).
Accordingly, this appeal is dismissed.
DISMISSED.
SAWAYA and PALMER, JJ., concur.