KELLY, Judge.
Huey Oldham appeals from his judgment and sentence for possession of a controlled substance and possession of drug paraphernalia. He filed a motion to suppress evidence that the trial court denied. He then entered a no contest plea to the charges, reserving his right to appeal the denial of his dispositive motion to suppress. Because we agree that the search *964 conducted by police exceeded the scope of Mr. Oldham’s consent, we reverse.
Hillsborough County sheriffs deputies went to' Mr. Oldham’s residence to investigate a neighbor’s complaint that Mr. Old-ham was manufacturing methamphetamine on his property. As deputies approached the residence, they made contact with Mr. Oldham who was walking away from a smoldering fibre pit on the north side of the residence. One of the deputies explained they were there to investigate a complaint that he was manufacturing methamphetamine on his property, and they asked him what he was burning. Mr. Oldham stated that he was stripping and burning copper wire and scrap metal. One of the deputies asked Mr. Oldham if he could “look around” the fire pit area to verify that he was burning copper wire, not manufacturing methamphetamine. Mr. Oldham agreed.
The deputy testified that the area around the fire pit was littered with piles of “all sorts of stuff’ including copper wire, electronics, cinder blocks, and batteries. As the deputy looked around the fire pit, he saw a small “pill-style” plastic case on top of a pile of cinder blocks or electronics. A portion of a plastic baggie was sticking out of the container. The deputy opened the container and observed a white powdery substance which tested positive for methamphetamine. As he did in the trial court, Mr. Oldham contends that the officer’s search of the closed plastic container exceeded the scope of his consent to search the fire pit area. We agree.
The standard for measuring the scope of a suspect’s consent under the Fourth Amendment is “ ‘objective’ reasonableness — what would the typical reasonable person have understood by the exchange between the officer and the suspect?” Florida v. Jimeno, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). The deputy’s limited request to inspect the fire pit to confirm Mr. Old-ham was burning wire, not operating a meth lab, defined the scope of the search he intended to conduct and consequently the scope of Mr. Oldham’s consent. A reasonable person would not have understood this request to include a search of closed containers in the vicinity of the fire pit. Thus, when the deputy opened the plastic case containing the contraband, he exceeded the scope of Mr. Old-ham’s consent.
The facts here stand in contrast to those cases in which an individual has given general permission to search an area for narcotics. When the object of a search is to locate narcotics, the police may look inside unlocked containers that could contain narcotics because a typical reasonable person “may be expected to know that narcotics are. generally carried in some form of a container.” Id. Here there was no general request to search the area for drugs but rather a specific request to inspect the contents of the fire pit to confirm that Mr. Oldham had been burning wire, not manufacturing methamphetamine.
Because the search exceeded the scope of Mr. Oldham’s consent, his motion to suppress should have been granted. Accordingly, we reverse the denial of the motion to suppress, reverse the convictions and sentences, and remand for discharge.
Reversed and remanded for discharge.
CASANUEVA and MORRIS, JJ, Concur.