ALTENBERND, Judge.
Frank John Ruilova appeals his judgments and sentences for trafficking in ox-ycodone and several counts of obtaining drugs from a physician by withholding information.[1] This case is virtually indistinguishable from Mullis v. State, 79 So.3d 747 (Fla. 2d DCA 2011). As we did in Mullís, we affirm the judgments and sentences, but we recognize that an error in a portion of the ruling on the motion to suppress may permit Mr. Ruilova to withdraw his plea or seek other relief on remand. We recognize that the relief granted in Mullís and in this case is very *993 unusual. Accordingly, we -will elaborate in this opinion on our authority to review this issue and the nature of the proceedings that should be available on remand.
I. THE CASE IN THE TRIAL COURT AND OUR DECISION TO FOLLOW MULLIS
The Temple Terrace Police Department investigated Mr. Ruilova for possible drug-related crimes after the department received an anonymous tip that Mr. Ruilova was obtaining drugs by fraud. A detective in the department sent facsimile messages to approximately one hundred pharmacies, inquiring of each if the pharmacy had dispensed any controlled substances to Mr. Ruilova during the preceding two years. The detective received twenty-four positive responses, indicating that Mr. Ruilova had filled prescriptions for oxycodone that appeared to have been written by sixteen different physicians.
The detective next contacted the doctors’ offices by telephone. The detective asked someone at each office essentially the same questions that were asked in Mullis, 79 So.3d at 749-50. He asked whether Mr. Ruilova was a patient of the doctor, whether the doctor had given Mr. Ruilova a prescription for oxycodone, and whether the doctor would have issued the prescription had the doctor been aware that other doctors had recently issued similar prescriptions. The detective did not receive other information from the doctors’ offices. He received no documentation. It appears that the detective was probably calling these offices to determine whether they had information that could be subpoenaed.[2]
When the State charged Mr. Ruilova with these offenses, he filed a motion to suppress comparable to the motion in Mul-lís. The trial court denied the motion. Mr. Ruilova then negotiated a plea, expressly reserving as error the denial of the motion to suppress. The State stipulated that the denial of the motion was disposi-tive. The trial court entered judgments and sentences in accordance with the plea and found that the reserved issue was dispositive.
In Mullís, we held that the detective was entitled to obtain the pharmacy records but that he was not permitted to receive the information about the prescriptions over the telephone from the doctors’ offices. 79 So.3d at 749. We also concluded that the detective was not permitted to ask each office for an opinion on whether the doctor would have issued prescriptions if he or she had had accurate information about the prescriptions issued by other physicians. Id. at 753. We expressly noted that the defendant in Mullís had not challenged the information provided to the detective confirming that the defendant was a patient of the doctor. Id.
The motion to suppress in Mullís and the motion in this case are virtually identical. The rulings are identical. Accordingly, we reach the same holding here as we did in Mullís.
II. OUR DECISION NOT TO DETERMINE WHETHER EVIDENCE MUST BE SUPPRESSED ON REMAND
As we noted in Mullis, 79 So.3d at 754 n. 9, the information that the defendant sought to “suppress” does not appear to be admissible evidence. Instead, this is a background investigation that might *994 eventually have been- used to obtain admissible evidence through the process of issuing a subpoena.
In this case, because the trial court denied the motion to suppress before we issued the decision in Mullís, it was not called upon to determine whether the State could follow statutory procedures and legally obtain evidence given that the detective had properly obtained information from the pharmacies. Although we have considered answering that question on the record available to us, the issue was never argued before the trial court. It has been modestly briefed to this court at the court’s own request, and we are not convinced that the record before this court permits an adequate resolution of the issue.
We are aware that the Fourth District determined that the exclusionary rule should apply in a somewhat similar case in State v. Sun, 82 So.3d 866 (Fla. 4th DCA 2011). In' that case, the police obtained copies of patient contracts without a sub1 poena. Id. at 868. The Fourth District affirmed the trial court’s order suppressing the evidence because the police “wholly failed to follow the statutory procedure to obtain the items.” Id. at 869. Because the police obtained documentary evidence in Sun, that case is potentially distinguishable. Moreover, Sun was a State appeal of a nonfinal order suppressing evidence, and it is unclear whether the order was dispositive and whether it would have entitled the defendant to a dismissal of the charges.
In this context, we have decided that we cannot resolve the issue of whether the statutory violation involving the telephone calls to the doctors’ offices constitutes a Fourth Amendment violation or otherwise warrants the imposition of the exclusionary rule. See Hudson v. Michigan, 547 U.S. 586, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006).
III. OUR JURISDICTION, SCOPE OF REVIEW, AND THE UNUSUAL MANDATE
Procedurally, our decision not to reach the issue of suppression places this court in an unusual posture because the error in the suppression order does not result in a mandated discharge. As a result, we take this opportunity to explain that we do have jurisdiction over this appeal, that our scope of review allows us to consider the issues addressed by the order of suppression, and that while the ruling in Mullís does not entitle a defendant to discharge, it does entitle him to additional due process on remand.
When a defendant pleads guilty or nolo contendere and reserves an issue for review, there are normally three possible outcomes: (1) the court will approve the order denying suppression and affirm the judgments and sentences,[3] (2) the court will reverse the order and require the defendant to be discharged on remand because the suppression issue was disposi-tive,[4] or (3) the court will determine that the issue is not dispositive or the procedures for such a determinátion were not properly performed in the trial court. Pri- or to the enactment of the Criminal Appeal Reform Act of 1996,[5] this third determination typically resulted in a dismissal of the *995 appeal.[6] Following the supreme court’s decision in Leonard v. State, 760 So.2d 114 (Fla.2000), such cases are typically affirmed. See Bonfiglio v. State, 57 So.3d 990 (Fla. 2d DCA 2011); M.N. v. State, 16 So.3d 280 (Fla. 2d DCA 2009). When the reservation has been a condition of the defendant’s plea, this outcome often results in an express declaration that the defendant may have, the right to withdraw the plea on remand.[7] None of these typical mandates is quite appropriate in this case.
The need for an atypical mandate stems from the fact that the motion to suppress raised two grounds. One ground concerned the information from the pharmacies, and the second ground concerned the hearsay received from the doctors’ offices. If we had reversed on both grounds in Mullís, declaring that each was a violation of the Fourth Amendment, then any future discovery would have been fruit of a poisonous tree. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Indeed, if we had determined that law enforcement was not entitled to the information obtained from the pharmacies, the same would be true because the information from the pharmacies led to the information from the doctors’ offices. In either of those events, a reversal of the trial court’s decision on the motion to suppress would have warranted a discharge of the defendant under the State’s stipulation that the ruling on the motion to suppress was dispositive.
But the ruling in Mullís approved the portion of the trial court’s order relating to the information received from the pharmacies. 79 So.3d at 754. Arguably, that ruling permits further lawful investigation based on the information lawfully received from the pharmacists; If the State can still obtain subpoenas by following the required procedures and present evidence that is not constitutionally tainted, it may still prove its case. In other words, although everyone in the trial court in good faith treated the order as dispositive, the ruling in Mullís renders it at least potentially nondispositive. See Vaughn v. State, 711 So.2d 64, 65-66 (Fla. 1st DCA 1998) (explaining that a motion to suppress is considered dispositive only when it is clear that the State would not have been able to proceed to trial without the excluded evidence).
We are confident that we have jurisdiction to issue this opinion. Section 924.051(4), Florida Statutes (2008), provides: “If a defendant pleads nolo conten-dere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dis-positive issue, the defendant may not appeal the judgment or sentence.” This restriction is also contained in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i). Although there are earlier cases that suggested that the court is without “jurisdiction” to review cases where there is no proper reservation of a dispositive issue,[8] after Leonard it is clear that the appellate court has “jurisdiction,” i.e., power to examine the case as a whole, even when an order of suppression is not necessarily dis-positive.
*996 We are likewise confident that our scope of review, i.e., our power to examine a specific issue on appeal, includes the issues involved in the order denying suppression. Our power over an issue is typically obtained by the steps the litigants take in the trial court. Whether this court’s scope of review includes a particular suppression issue is not a factual matter determined by our own assessment of whether the issue is dispositive. Instead, it depends on the assessment of the trial court and the parties in the trial court. In this case it is clear that the trial court determined in good faith that the issue was dispositive, and the parties likewise entered into a good faith stipulation to that effect. Thus, we can fully review this issue. Cf. Zeigler v. State, 471 So.2d 172, 176 (Fla. 1st DCA 1985) (“[A] stipulation voluntarily entered into by all parties that an issue preserved for appeal by a defendant’s nolo contendere plea is dispositive will be so considered by [a reviewing] court.”).
Thus, our only remaining concern is the nature of the mandate we should issue. Because we affirm the trial court on the portion of the suppression order that was truly dispositive, we conclude we can affirm the judgments and sentences. However, because we disapprove the portion of the suppression order that may or may not be dispositive, we are obligated to provide some relief to Mr. Ruilova.
In at least one prior case, we have relinquished jurisdiction to permit the trial court to revisit the issue of dispositiveness. See Pittman v. State, 382 So.2d 1227 (Fla. 2d DCA 1979). In this case, we conclude that an affirmance with instructions is the better approach.
On remand, Mr. Ruilova is entitled to file a motion seeking permission to withdraw his plea. If he does so, the trial court will first determine whether the State would still have the right to serve subpoenas on the doctors and obtain admissible evidence that would not be excluded from evidence as a result of the holding in Mullís if the motion to withdraw were granted. If the trial court determines that the violation of law was sufficient, as it was in Sun, to prevent further efforts to obtain admissible evidence, it should grant the motion to withdraw plea and it must then enter an order suppressing any evidence from the doctors and dismissing the charges against Mr. Ruilova. Obviously, the State may appeal that order.
If the trial court determines that the violation of law was insufficient to prevent the State from obtaining admissible evidence, it should give Mr. Ruilova the option to withdraw his plea because the plea was based on the understanding that the suppression issue was dispositive. Mr. Ruilova is cautioned that his current negotiated plea is relatively favorable and that it may not be tactically wise to withdraw his plea and proceed to trial in this case. On remand, the trial court shall first appoint counsel to represent Mr. Ruilova and assist him in his decision as to whether to seek to withdraw his plea.
Affirmed with instructions.
NORTHCUTT and KHOUZAM, JJ., Concur.

. See §§ 893.13(7)(a)(8), .135(l)(c)(l), Fla. Stat. (2008).

. It is useful to consider that such prescriptions are frequently forgeries. The fact that the pharmacies had records indicating that they had filled prescriptions issued by a doctor would not necessarily mean that the doctor had actually signed those prescriptions. See, e.g., State v. Bean, 36 So.3d 116, 117 (Fla. 2d DCA 2010).

. See, e.g., James v. State, 936 So.2d 738 (Fla. 2d DCA 2006); Cox v. State, 75 So.3d 325 (Fla. 1st DCA 2011).

. See, e.g., Oldham v. State, 113 So.3d 963 (Fla. 2d DCA 2013); Fields v. State, 105 So.3d 1280 (Fla. 2d DCA 2013).

.See ch. 96-248, Laws of Fla.

. See, e.g., White v. State, 661 So.2d 40 (Fla. 2d DCA 1995); Roob v. State, 572 So.2d 1022 (Fla. 3d DCA 1991).

. See, e.g., Brown v. State, 376 So.2d 382, 385 (Fla.1979); Sears v. State, 920 So.2d 709 (Fla. 4th DCA 2006); Sloss v. State, 917 So.2d 941, 942 (Fla. 5th DCA 2005); Morgan v. State, 486 So.2d 1356, 1359 (Fla. 1st DCA 1986).

. See, e.g., Teague v. State, 728 So.2d 1203 (Fla. 5th DCA 1999); White, 661 So.2d 40.