MAKAR, J.,
concurring, in result.
A question has arisen whether our panel can second-guess and deem erroneous the parties’ stipulation that three defense motions are dispositive, thereby justifying dismissal of this appeal on jurisdictional grounds.[1] In the sentencing recommendation and at the sentencing hearing, the prosecutor stipulated that the resolution of the motions would be dispositive.[2] In a *1001 footnote in its appellate brief (and a bit at oral argument), however,- the State equivocated on the stipulation’s validity, characterizing it as “simply a concession to permit the defendant the power to. appeal.” The trial judge expressly said his rulings on the motions were dispositive and the defendant expressly reserved his right to appeal and challenge the judge’s rulings; he wants us to exercise jurisdiction, address the merits, and rule in his favor thereby freeing him of any criminality (adjudication was withheld, he was placed on five years of probation, and his full payment of restitution terminated probation).
But what if we believe that resolution of the motions is not legally dispositive? Does the stipulation bind us? Or, may we disagree with it and dismiss the appeal for lack of jurisdiction? Two lines of inconsistent cases have been cohabitating in our Court’s jurisprudence since the mid-1980s, making the answer murky.
One line of cases — which unreservedly defers to agreements made.by the parties and their lawyers — says that we will not second-guess a stipulation that an issue is deemed dispositive; this, approach is, party-centric, stressing that appellate courts defer to stipulations. Zeigler v. State, 471 So.2d 172, 175 (Fla. 1st DCA 1985). In Zeigler, the panel majority said:
We focus'first upon the fact ... that this case is here by way of a joint stipulation between appellant and the state that the issue of the voluntariness of the confession absént the presence of counsel was in fact dispositive of the prosecution’s case. This court has previously held that such a stipulation is sufficient to establish the dispositiveness of an issue concerning a confession, even though such issue would otherwise be deemed not dispositive as a matter of law. Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), aff'd, 392 So.2d 1324 (Fla.1981). Therefore,' unless this court is prepared to “go behind” the stipulation of the parties in an effort to ascertain whether the issue is truly dis-positive, we would be bound to decide the issue reserved for review by the defendant, and thus would have no occasion for independent' examination of the record to determine whether, even if the trial court erred in denial of the motion -to suppress, other evidence in the record could be used equally as well to establish guilt.
Id. at 175 (emphasis added). As thé highlighted language indicates, this , line of authority goes back to the Court’s Jackson decision, which the supreme court affirmed. .
The Zeigler decision has since been relied upon by panels of this Court for this rule of deference, each time exercising jurisdiction. See, e.g., Mylock v. State, 750 So.2d 144, 146 (Fla. 1st DCA 2000) (“Where the parties stipulate that an issue is dispositive,, we will not ‘go behind’ the stipulation of the parties in an effort to ascertain whether the issue is truly dispos-itive.”); Phuagnong v. State, 714 So.2d 527, 529 (Fla. 1st DCA 1998) (“The parties stipulated that the, order denying the motion to suppress was dispositive. This established, as a matter of. fact, that ‘regardless of whether the appellate court affirms or reverses the lower court’s decision, there will be no trial of the case.’ ... This is not a case in which the trial court found an order dispositive ‘notwithstanding the state’s vigorous argument to the contrary.’ ”) (citations omitted). .
The operative principle is that a stipulation of dispositiveness is sufficient to establish a basis for appellate review “even though such issue ’would otherwise be deemed not dispositive as a matter of law.” Zeigler, 471 So.2d at 175. The parties *1002 have agreed the case is over and that there will be no trial thereby establishing.the finality necessary for review. In addition, Judge Smith’s majority opinion in Zeigler was joined by Judge Zehmer, whose concurrence emphasized that appellate courts should not involve themselves in such matters. Id. at 177 (“The rule preventing us from engaging in selective disapproval of stipulations made by the state and the accused is necessary to assure that appellate courts are not thrust into the position of reviewing acts of the parties or their attorneys instead of judicial acts of the court below.”). Judge Booth’s dissent went in the other direction, saying the “parties’ stipulation as to dispositiveness should not control this'court’s determination of that issue, particularly where the evidence sought to be suppressed is plainly not dispositive.” Id. at 181.
Within the year, a different panel of this Court decided — contrary to Zeigler — that we can second-guess a stipulation, determine it was in error, and decline jurisdiction. Morgan v. State, 486 So.2d 1356, 1359 (Fla. 1st DCA 1986) (concluding stipulation was not dispositive). This approach stresses appellate court authority to reject stipulations that admittedly are non-dispositive, but allowing the withdrawal of a plea on remand.’- Judge Nimmons’s opinion iri Morgan, joined by Judges Shivers and Joanos, determined that the parties’ stipulation did not prevent the appellate panel from: (a) inquiring into its foundation (including at oral argument where counsel admitted the stipulation would not foreclose retrial), (b) concluding that it was erroneous, (“we conclude that there was. not, in fact, a dispositiveness stipulation of the kind sanctioned by” Zeigler and other cases), and (c) dismissing the appeal for lack of jurisdiction. Id. at 1357-58. Because the stipulation un-dergirded the defendant’s decision to plea, “[f]airness dictate[d] that the defendant should be given the opportunity to withdraw his plea of nolo contendere.” Id. at 1359 n. 3. As such, if asked to do so “the trial court shall vacate and set aside the judgment and sentence and shall allow the defendant to withdraw his plea of nolo contendere and reinstate his not guilty plea.” Id. at 1359. But see Wright v. State, 547 So.2d 258, 260 (Fla. 1st DCA 1989) (defendant not given opportunity to withdraw plea on remand because, unlike Morgan, no stipulation existed, the defendant knowing “that the state refused to agree to dispositiveness”).
The Morgan court acknowledged it was creating a jurisprudential strain with Zeig-ler, saying it “need not decide whether this court is bound to consider an appeal on the merits where the state has stipulated to’ dispositiveness .. . in spite of a record which clearly shows that the state would be able to proceed to trial regardless of the admissibility of the disputed evidence?’ Morgan, 486 So.2d at 1358-59. This statement cuts against Zeigler’s admonition that we not “go behind” a stipulation to determine if an issue is dispositive as a matter of láw. Indeed, in a footnote the court conceded' that one could “certainly reasonably take the position that this pre-termitted question has already been authoritatively answered by this Court in Zeigler, ... where it was held that the appellate court will consider an issue dis-positive if the parties have stipulated to its dispositiveness.” To avoid Zeigler’s application, he pointed to the majority’s statement in that case that it found “no basis for questioning the parties stipulation” (nota bene that the dissent did) and that the “drift” of Florida Supreme Court cases implied that “the parties’ stipulation on dispositiveness might not, in all circumstances, be held binding upon the appellate court.” Id. at 1359.
Which line of cases are we to follow, *1003 Zeigler or Morgan?[3] Without discussion, the majority follows Zeigler, there being only one path to an affirmance, which is to accept the stipulation and address the merits of the purportedly dispositive motions. By raising the lack of dispositiveness, the State would have us follow Morgan even though the parties do not concede that their stipulation is in error (as in Morgan); but the State equivocates, which our caselaw says it cannot do. Phuagnong, 714 So.2d at 529 (by stipulating to dispositiveness “the state waived its right to argue otherwise'on appeal”).
Given the jurisprudential conundrum that exists, one cannot be critical of whichever side of the fence a panel chooses; each side has its merits. Nonetheless;'the approach most district courts follow is consistent with Zeigler; it is also consistent with the Florida Supreme Court's decision in Brotan v. State, 376 So.2d 382 (Fla.1979), and this Court’s decision in Jackson.
The full Third District looked closely at this issue in Finney v. State, 420 So.2d 639, 646 (Fla. 3d DCA 1982) (en banc), which strikes a balknce between ensuring that a stipulation was intended to be dis-positive and avoiding jurisdictional issues on appeal. As noted in Zeigler, the court in Finney “considered the same basic question before us in this case and concluded that stipulations as to dispositiveness are binding on the appellate courts.” 471 So.2d at 176. Finney concluded that;
Where a • stipulation has been entered into by both sides, the court will not be called upon to hear testimony as to the dispositive nature of the evidence. A stipulation is the parties’ recognition that, for whatever reason, they have presented all of the evidence that they care to and each is willing to abide the appellate consequences regarding the grant or denial of the motion to suppress. ‘ Because this case falls squarely in line with Jackson .;. we must conclude that by virtue of the stipulation, the present motion to suppress is dispos-itive of the issue on appeal.
420 So.2d at 642 (emphasis added). The italicized language points out the importance of the parties’ intent, particularly that of the prosecution, that whatever result the appellate court reaches will terminate the matter; if the court rules for defendant, he prevails; if not, the terms of the plea are binding, there being no retrial;
*1004 And the reference to Jackson is important because that case, from our Court and affirmed by the supreme court, came directly on the heels of Brown, which disallowed stipulations of dispositiveness as to a confession where evidence of guilt existed other than the confession itself. Brown, 376 So.2d at 385 (“[T]o avoid a mini-trial on the sufficiency of the evidence in each case involving a confession, we hold that as a matter of law a confession may not be considered dispositive of the case for purposes of an Ashby nolo plea.”) (footnote omitted). In contrast, Jackson involved a situation where “both sides agree that the State has no case and would be unable to proceed with the prosecution without the confession. Under these circumstances we concluded that the ruling on the admissibility of a confession would be ‘dispositive of the appeal.’ ” Jackson, 382 So.2d at 750, aff'd, 392 So.2d 1324 (Fla.1981).
The decision in Jackson — which is consistent with following the parties’ agreement as to dispositiveness — falls more in line with Zeigler than Morgan, the difference being best explained by Judge Pearson in his special concurrence in Finney:
Today’s [en banc] decision should put an end to the unseemly spectacle of the State, having agreed through its representative at the trial level (the State Attorney) that a matter is dispositive, later arguing, through its representative In the appellate court (the Attorney General) that the matter is not dispositive and that we are without jurisdiction to hear the defendant’s appeal. This difference in position was never, in my view, attributable to an act of bad faith by the State. Instead, the difference in position is accounted for by the difference between, Jackson v. State, supra, and Brown v. State, supra. Thus, when the State Attorney said “dispositive,” he was talking Jackson — that is, committing the State not to prosecute further in the event the defendant prevailed on appeal; when the Attorney General said “not dispositive,” he was talking Brown — that is, contending that even if the defendant prevailed on appeal, it was still legally possible for the State to continue with the prosecution. But what the Attorney General ignored is that where there is ah agreement on dispositiveness, Brown’s “legal disposi-tiveness” is, by definition in Jackson, irrelevant.
Jackson is a welcome retreat, from Brown. The concern in Brown that the expeditious resolution of the controversy would be thwarted by permitting a defendant to appeal legally nondispositive pre-plea rulings is obviated where the parties agree that the appellate court’s decision will end the case one way or another. When they so agree, the'defendant, does, not face the prospect of a trial if he prevails on appeal; the appellate decision concludes the matter, and the precious resources of the courts are saved by not forcing the defendant to go through a trial for the singular purpose of preserving an issue for review.
420 So.2d at 643-44- (Pearson, J., specially concurring) (emphasis added) (footnotes omitted). Thus, where a prosecutor stipulates that a defendant prevailing on appeal will not face retrial, dispositiveness is shown because the appellate court’s decision will “end the case one way or- another.” Judge Pearson recommended “that when in the future we are confronted with an ambiguous stipulation, we should immediately relinquish jurisdiction to the trial court for the purpose of having the agreement .clarified, and if no clear agreement can be reached, permitting the defendant to withdraw his nolo contendere plea or reaffirming that plea without any agreement.” Id. at 646.
Here, it is clear that the prosecutor, defense counsel, and the trial judge each *1005 deemed the three contested motions to be dispositive of the charges against Beer-munder. They are dispositive in the sense that the State has pledged it will not prosecute Beermunder further even if he wins on appeal; finality is established. Mylock, 750 So.2d at 146 (“We have held that ‘[a]n issue is dispositive only if, regardless of whether the appellate court affirms or reverses the lower court’s decision, there will be no trial of the case.’ ”) (quoting Morgan). If we follow Zeigler, all that , remains is to rule on the correctness of the trial court’s rulings, which — if they were erroneous — would entitle Beermunder to relief to the which the State has stipulated; if they were correct, Beermunder must live with the consequences of his plea deal. Our Court has done this before. In My-lock, the panel relied upon the stipulation, concluded it had jurisdiction, addressed the merits and found them lacking, and affirmed. If we follow Morgan, we avoid ruling on a matter that in appellate hindsight can legitimately be deemed non-dis-positive of the legal merit of the charges, even though the stipulation is dispositive only in sense that there will be no trial of Beermunder. Dismissing for lack of jurisdiction and allowing Beermunder to withdraw his plea on remand, however, is meaningless to him at this point; he’s already paid full restitution and satisfied the conditions for adjudication to be permanently withheld; the State has agreed it will not pursue the matter further and, under our precedents, it cannot back out of its stipulation.
Because the Zeigler line of cases appear to be most germane, the merits of the trial court’s rulings should be addressed, even if those rulings are not legally dispositive of the criminal charges ■ (which they clearly aren’t). As in Mylock, because those rulings were correct, affirmance is in order. I concur in result, but believe we should either clarify our Court’s jurisprudence on the topic of dispositiveness or certify a question for the Florida Supreme Court to consider.

. Jurisdiction is grounded in Fla. R. App. P. 9.140(b)(2)(A)(i):
(2) Guilty or Nolo Contendere Pleas.
(A) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
(i) Reservation of Right to Appeal. A defendant who pleads guilty or nolo contende-re may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying' with particularity the point of law being reserved.

. Interlineated in the recommendation is the ' statement that “the State and Court stipulate *1001 and. find the Court’s ruling on the [motions] are dispositive.”

. The Fourth District has recognized that a stipulation as to dispositiveness can confer jurisdiction, as have other districts. ‘ White v. State, 830 So.2d 944, 944 (Fla. 4th DCA 2002) ("In the absence of a dispositive motion or a . stipulation by the parties to- that effect; we must dismiss for lack of jurisdiction.”); Ruilova v. State, 125 So.3d 991, 996 (Fla. 2d DCA 2013) ("In this case it is clear that the-trial court determined in good faith that the issue was dispositive, and the parties likewise entered into a good faith stipulation to that effect. Thus, we can fully review this issue.”) (citing Ziegler); Wilson v. State, 885 So.2d 959, 959-60 (Fla. 5th DCA 2004) ("An order denying a motion to suppress a confession is not dispositive for purposes of this rule unless the parties so stipulate.”) (citing Brown v. State, 376 So.2d 382 (Fla.1979)). Cases from other districts suggesting that subject matter jurisdiction cannot be conferred by agreement or acquiescence of the parties are distinguishable, See Sloss v. State, 917 So.2d 941 (Fla. 5th DCA 2005); Pena v. State, 913 So.2d 1203 (Fla. 4th DCA 2005). Neither Sloss nor Pena involved a stipulation. Instead, the prosecutor in Sloss Aerely failed to object, which was "itself insufficient to establish áppellate jurisdiction." 917 So.2d at 942. And Pena recognized a jurisdictional "exception” in situations where “there is ‘record evidence of a stipulation between the parties that the issue was dispositive.’ ” 913 So.2d at 1204 (quoting Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982) (en banc) discussed below). Finding that the "exception to the rule does not apply," the court concluded it. had "no jurisdiction to reach the merits of this case.” 913 So.2d at 1205.