DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TIFFANY GRAVES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-2728

[January 5, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case Nos. 562020CF002248A and 562020CF001762B.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessica L. Underwood, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Tiffany Graves appeals from the trial court's denial of her admission to drug court and her resulting nolo contendere plea. Appellant argues that: (1) this Court has jurisdiction because her admission to drug court was dispositive and because she specifically reserved the right to appeal; (2) even if the issue was not dispositive, the trial court's ruling is reviewable on direct appeal due to ineffective assistance of counsel apparent on the face of the record; and (3) the trial court erred in finding her ineligible for drug court based upon an erroneous interpretation of section 948.08(6)(b)2., Florida Statutes (2020). Relying on our precedent in *Pena v. State*, 913 So. 2d 1203 (Fla. 4th DCA 2005), we dismiss the appeal for lack of jurisdiction, as discussed below.

**Background**

Appellant was charged with a third-degree felony in case number 562020CF001762B ("Case 1"). Thereafter, while on pre-trial release,

Appellant was arrested and charged with another third-degree felony—as well as two misdemeanors—in case number 562020CF002248A ("Case 2").

After the second arrest, defense counsel filed a motion seeking admission to a pre-trial intervention program (drug court) with respect to both of Appellant's criminal cases. The trial court granted that request for Case 1, but it found Appellant ineligible for admission pertaining to Case 2 based on the court's analysis of "the plain meaning" of section 948.08(6)(b)2.

Based on the court's ruling, Appellant entered a global open nolo contendere plea, specifically reserving the right to appeal the partial denial of her motion requesting placement in drug court. Later, following a plea colloquy in which the trial court acknowledged that Appellant was reserving the right to appeal the court's ruling, the court released Appellant to drug court on her own recognizance in Case 1, and sentenced her to 18 months of probation with a withhold of adjudication as to all charges in Case 2. One of the conditions of probation was completion of the drug court program.

At sentencing (which occurred immediately after the hearing on Appellant's motion for placement in pre-trial intervention), Appellant requested that the trial court find her motion dispositive. The trial court responded: "[I]t's dispositive on the issue of whether or not this would go into Drug Court as a diversion. . . . [S]o if it came back, obviously . . . it wouldn't be dispositive. Like if I suppressed all the evidence in the case, it came back, it would just be dropped. Okay?" Appellant (through defense counsel) stated that she understood, and the discussion ended.

The trial court later reduced its oral pronouncement to writing and issued a final judgment and sentence. Appellant timely appealed.

**Analysis**

An appellate court reviews issues of jurisdiction under a *de novo* standard of review. *Williams v. State*, 313 So. 3d 788, 790 (Fla. 2d DCA 2021).

Under Florida Rule of Appellate Procedure 9.140(2)(A)(i), "[a] defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularly the point of law being reserved." "An issue is dispositive only when it is clear that regardless of the outcome of the appeal, there will be no trial." *Diaz v. State*, 34 So. 3d 797, 801 (Fla. 4th DCA 2010) (quoting

*Fuller v. State*, 748 So. 2d 292, 294 (Fla. 4th DCA 1999)).  "[W]ithout both an express reservation of the right to appeal *and* a finding that the issue is dispositive, through either a trial court's ruling or a stipulation by the state, a defendant who pleads guilty or nolo contendere has no right to a direct appeal." *Pamphile v. State,* 65 So. 3d 107, 108 (Fla. 4th DCA 2011).

In *Pena v. State,* 913 So. 2d 1203 (Fla. 4th DCA 2005), a defendant sought admission—via motion—to a pretrial drug intervention program. *Id.* at 1204.  The trial court denied the motion, and the defendant "entered a no contest plea reserving the right to appeal."  *Id.*  Thereafter, following the defendant's ensuing probation sentence, the defendant filed an appeal, "believing [the appellate] court had jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i)."  *Id.*

On appeal, we concluded that the trial court's denial of the motion to participate in drug court was "not a legally dispositive order to the extent necessary to confer jurisdiction . . . ."  *Id.*  We noted that "[e]ven if this court reversed and remanded for the [trial] court to grant [the defendant's] entry into the program, a trial may still yet be necessary if, for some reason, [the defendant] opts out of the program and re-enters the regular criminal justice system."  *Id.*  Our opinion additionally stated there was "no great expectation or guarantee that reversal would absolutely foreclose the possibility of a future trial on this specific charge."  *Id.*

While *Pena* acknowledged that "courts are not unanimous in dismissing an appeal based upon a plea after the trial court denies admission to a pretrial intervention program"—referencing the First District's decision in *Gardner v. State,* 709 So. 2d 612 (Fla. 1st DCA 1998)—our opinion distinguished *Gardner* on the basis that the First District's opinion "did not directly consider the jurisdictional issue even though it ruled on the merits of the claim."  *Id.* at 1205.  Noting the absence of "record evidence of a stipulation between the parties that the issue was dispositive," *Pena* concluded we had no jurisdiction to consider the merits of the case on direct appeal.  *Id.* at 1204 (quoting *Weber v. State,* 492 So. 2d 1166, 1167 (Fla. 4th DCA 1986)).[1]

Here, as in *Pena,* the defendant sought admission to drug court, entered a nolo contendere plea once the request was denied, was sentenced to probation by the trial court, and then appealed (instead of

---

[1] *Pena* acknowledged "[t]here are other methods to raise this issue," noting "[w]e have reviewed orders denying entry to the drug intervention program as appropriately raised by petition for certiorari."  *Pena,* 913 So. 2d at 1205 (citing *Hewlett v. Stone,* 661 So. 112 (Fla. 4th DCA 1995)).

filing a writ of certiorari). *Id.* Indeed, the salient facts in *Pena* are almost entirely identical to those of the instant case. Thus, *Pena* controls.

However, we are cognizant of several applicable exceptions to the general body of law concerning jurisdiction and the finding of dispositiveness. One such exception applies where "a finding of dispositiveness can be inferred from the record." *Lamb v. State*, 55 So. 3d 751, 753 (Fla. 2d DCA 2011) (concluding a finding of dispositiveness could be inferred from the record where the court gave the defendant "the impression that she was preserving her right to appeal the ruling . . . ."). Another exception can be found in *Batista v. State*, 951 So. 2d 1008 (Fla. 4th DCA 2007). In that case, we acknowledged that the order being appealed was "not a dispositive order and, thus, not appealable under Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i)." *Id.* at 1009. Nonetheless, we addressed the merits and did not dismiss for lack of jurisdiction based on: (1) *Pena*'s assertion that "courts may not be in agreement as to the jurisdiction issue"; (2) the fact that the issue "may be reviewable by petition"; and (3) the trial court's authorization of the defendant's "reservation of the right to appeal." *Id.* at 1010.

In the instant case, although the trial court's order denying Appellant's admission to drug court may have been reviewable by a petition for writ of certiorari, and although the trial court repeatedly noted that Appellant was expressly reserving the right to appeal, we distinguish *Lamb* and *Batista* on the basis that the trial court here specifically found the denial of admission to drug court for the second arrest was *not* dispositive. In fact, when confronted with the issue of whether the motion was dispositive, the trial court acknowledged that if the case came back before it, "obviously . . . it wouldn't be dispositive." Consequently, because the trial court specifically found the order was not dispositive, there was no basis to infer dispositiveness, let alone an express reservation of the right to appeal *and* finding of dispositiveness vesting this Court with jurisdiction. *See Pamphile*, 65 So. 2d at 108.

In addition to this distinction, we find the procedural posture of *Pena* and its discussion of *Gardner* squarely on point. Thus, we decline Appellant's invitation to hold that *Gardner* "was correctly decided and should govern the analysis," and dismiss for lack of jurisdiction.

**Conclusion**

Pursuant to *Pena*, we lack jurisdiction to consider the merits of Appellant's claim. We dismiss the appeal, without prejudice to Appellant

4

bringing an ineffective assistance of counsel claim in a motion for post-conviction relief.

*Dismissed.*

GROSS and KUNTZ, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***