DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JAMES T. MOSCHELLA,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-0044

_____

April 9, 2025

Appeal from the Circuit Court for Manatee County; Frederick P. Mercurio, Judge.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and David Campbell, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

James T. Moschella pleaded no contest to possessing child pornography. He reserved his right to appeal the denial of his motions to suppress evidence, which the State stipulated were dispositive. We reverse because the warrant to search Moschella's electronic devices was stale when it was executed.

When investigating Moschella, detectives from the Manatee County Sheriff's Office seized his electronic devices—two mobile phones, a tablet, and a laptop. The detectives later applied for several search warrants, one of which was for a forensic search of the devices. The court issued the search warrant on July 27, 2020, but at the suppression hearing below the detective who obtained the warrant admitted that it was not executed until "sometime in September."

Section 933.05, Florida Statutes (2020), mandates that a search warrant "shall be returned within 10 days after issuance thereof." A warrant that is not executed within the statutory period is stale, and any search conducted pursuant to it is invalid. *Spera v. State*, 467 So. 2d 329, 330–331 (Fla. 2d DCA 1985) (citing § 933.05, Fla. Stat. (1983)).

Moschella's motion to suppress raised this argument. The circuit court rejected it, finding that he had not been prejudiced by the delay. But as we said in *Spera*, "the legislature has decided that ten days is a reasonable time." *Id.* at 330. The relevant language in this short, plain statute has been in place for over a century. *See* § 933.05, Fla. Stat. (2020); ch. 9321, § 5, Laws of Fla. (1923). We will not second-guess lawmakers' plain language by appending a prejudice requirement to the firmly established statutory time limit. *See Hillsborough county ex rel. Bd. of Cnty. Comm'rs v. Sch. Bd. of Hillsborough Cnty.*, 395 So. 3d 1116, 1118 (Fla. 2d DCA 2024) (explaining that statutory analysis begins with a plain meaning review and encompasses analysis of textual cues that bear on the statute's meaning).

Consequently, the circuit court should have granted Moschella's motion to suppress the evidence obtained during the search of his devices. The State's stipulation that this motion was dispositive of the case is binding. *See Zeigler v. State*, 471 So. 2d 172, 176 (Fla. 1st DCA

1985) ("[A] stipulation voluntarily entered into by all parties that an issue preserved for appeal by a defendant's nolo contendere plea is dispositive will be so considered by this court." (citing *Finney v. State*, 420 So. 2d 639, 642 (Fla. 3d DCA 1982))); *cf. Ruilova v. State*, 125 So. 3d 991, 996 (Fla. 2d DCA 2013) (quoting the above passage from *Zeigler* as authoritative).

We reverse Moschella's judgment and sentences and remand for dismissal of the charges.[1]

NORTHCUTT, KELLY, and KHOUZAM, JJ., Concur.

_____

Opinion subject to revision prior publication.

---

[1] Our disposition moots all other issues raised in the appeal.